IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CRISI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-1010 |
| vs. ) | |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. | |

ORDER

AND NOW, this 13th day of September 2022, the Court has considered the parties' summary judgment motions and will order judgment in Defendant's favor except as to costs.[2] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act") 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[3]

---

[1]    Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).  There is no impact on the case.  42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect the substitution.

[2]    Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff.  Because the latter request is not supported by argument in her accompanying brief, the Court's Order excludes an award of costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions" fail to raise issues).

[3]    Plaintiff effectively withdrew his disability insurance benefits application before the ALJ (R. 12) and is now seeking remand of the decision wherein the ALJ found him to be not disabled for his SSI application.  Plaintiff has presented just one question for the Court's consideration: whether the ALJ harmfully erred in her consideration of Plaintiff's representation of his symptoms and limitations by formulating Plaintiff's residual functional capacity ("RFC") *before* considering his allegations.  Having considered that question, the ALJ's decision, and the record, the Court finds no harmful error that necessitates remand and will affirm the underlying decision.

The Court reviews an ALJ's findings of fact for substantial evidence and has plenary review as to any question of law. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla" of evidence, *i.e.*, the amount of evidence that would satisfy a "reasonable mind." *Biestek*, 139 S. Ct. at 1154 (citations omitted). The finding at issue in this case is the ALJ's RFC finding. A claimant's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). In formulating a claimant's RFC, the ALJ must consider "all the relevant evidence" and account for every limitation that arises from a medically determinable impairment. *Id.* § 416.945(a)(1)—(2). Relevant evidence includes objective medical evidence, statements from medical sources, and "descriptions and observations of [the claimant's] limitations from [his] impairment(s), including limitations that result from [his] symptoms, such as pain, provided by [the claimant]" or his "family, neighbors, friends, or other persons." *Id.* § 416.945(a)(3). Considering a claimant's own representation of his symptoms and limitations, an ALJ must first identify a "medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* § 416.929(a). Then the ALJ must "evaluat[e] the intensity and persistence of [the claimant's] symptoms, including pain" using "all of the available evidence" to ascertain resultant functional limitations. *Id.* In his or her evaluation of the intensity and persistence of a claimant's symptoms, the ALJ considers the claimant's "daily activities;" symptom characteristics, *e.g.*, "location, duration, frequency, and intensity;" "[p]recipitating and aggravating factors;" the effect of medication and associated side effects; and treatment and other pain-relief measures, among other things. *Id.* § 416.929(c)(3)(i)—(vii).

Plaintiff argues that the ALJ erred in her evaluation of his symptoms and limitations because instead of letting Plaintiff's statements about his symptoms and limitations inform the RFC, the ALJ formulated the RFC and then evaluated Plaintiff's allegations. The ALJ's decision, at first glance, indeed gives such an impression and raises the specter of legal error. As the ALJ summarized her evaluation of the evidence in Plaintiff's record to explain how she formulated his RFC, she included the following statement: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are less than fully persuasive to *the extent they are inconsistent with the above residual functional capacity assessment*." (R. 21) (emphasis added). Variations of this boilerplate language have been roundly criticized by the courts for "get[ting] things backwards." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012); *Bynum v. Colvin*, 198 F. Supp. 3d 434, 438—39 (E.D. Pa. 2016) ("From this statement, it is clear that instead of evaluating plaintiff's subjective complaints as part of the evidence used to determine plaintiff's RFC, the ALJ first found that plaintiff had the RFC to perform medium work and then rejected plaintiff's subjective testimony because it did not comport with his finding that plaintiff had the residual functional capacity to perform medium work."). The Court agrees that such statements misrepresent how ALJs ought to assess a claimant's RFC. Accordingly, the Court finds that the ALJ erred in describing her consideration of the evidence thus. However, having found such an error, the Court's inquiry is not at its end; rather, the error must have been harmful to warrant remand.

2

———————————————

The error may be found to be harmless if, elsewhere in the decision, the ALJ adequately explained her evaluation of Plaintiff's allegations in a way that shows they were accounted for in the RFC determination. *Bynum*, 198 F. Supp. 3d at 439. As explained *supra*, when ALJs assess a claimant's representation of symptoms and limitations, the inquiry proceeds in two steps. SSR 16-3P, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017). First, they must identify one or more medically determinable impairments that could "reasonably be expected to produce" the symptom(s) alleged. *Id.*; 20 C.F.R. § 416.929(a). Second, they "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4. In this evaluation of a claimant's symptoms, ALJs are not making a judgment as to his or her character for truthfulness. *Id.* at *2. If an ALJ considers a claimant's allegations pursuant to this two-step process and supports his or her assessment of them with evidence that would satisfy a reasonable mind, then no harmful error will be found even if there is an unfortunate appearance of the repudiated boilerplate.

In this matter, the ALJ considered Plaintiff's allegations pursuant to the two-step regulatory process before she erroneously suggested that her evaluation of Plaintiff's symptoms came after she had formulated his RFC. The ALJ found that Plaintiff's medically determinable impairments could cause his alleged symptoms. (R. 21). However, she further found that Plaintiff's daily activities and the objective medical evidence did "not support [his] allegations of an inability to do all work." (R. 18). Plaintiff has argued that the ALJ's decision not to credit his alleged symptoms and limitations was predicated upon her mischaracterization of his testimony and evidence of his daily activities. For instance, Plaintiff critiques the ALJ's accounting of his daily activities wherein she noted that he could attend to personal care needs, watch television, prepare meals, drive, shop, pay bills, and socialize. (R. 18). Plaintiff argues that the ALJ should have further noted that he testified he could only watch television for a "short period of time" because of pain (R. 48—49), that he did not drive "much" (R. 51), that personal-care activities took a long time (R. 53), and that his socialization was limited by his pain and lack of bladder control. (R. 54). Plaintiff argues that his aunt's statement and his function report support this more restricted account of his daily activities. For example, Plaintiff similarly indicated in his function report that it was "difficult" to dress and bathe. (R. 283). Plaintiff further argues that his daily activities are not inconsistent with disability if stated accurately.

The Court, however, discerns no material defect in the ALJ's characterization of Plaintiff's daily activities. To support her assessment of Plaintiff's allegations, the ALJ cited Plaintiff's function report, as well as several exhibits wherein Plaintiff's daily activities were described without qualification. (R. 18 (citing Ex. 16F, 17F)). In those exhibits, one consultative examiner indicated that Plaintiff could "cook, clean, do laundry, shop, shower and dress himself," and could enjoy "watching TV, listening to the radio and socializing with friends." (R. 639). A second consultative examiner likewise indicated Plaintiff could "dress, bathe, and groom himself," as well as "cook, clean, do laundry, shop, pay bills and manage money, and drive." (R. 656—57). Because the ALJ supported her description of Plaintiff's activities and evaluation of Plaintiff's allegations by reference to this evidence and did not

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED as specified above.

s/ Alan N. Bloch  
United States District Judge

ecf:   Counsel of Record

---

overlook other evidence, such as Plaintiff's allegation in the function report that it was difficult to dress and bathe, the Court is satisfied.  The substantial evidence standard does not demand that ALJs reference every relevant detail in evidence.  *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).  And this is not a case where the ALJ rejected or ignored "medically credited symptomatology" based on Plaintiff's reported ability to attend to some personal needs or occasionally socialize.  *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988).  To the contrary, the ALJ's assessment of Plaintiff's alleged symptoms and functional limitations was supported by substantial evidence, including the consultative examiners' notes.  Further, the ALJ's RFC finding was ultimately supported by considerable evidence, such as Dr. Nghia Van Tran's finding that Plaintiff would be capable of "LIGHT" work.  (R. 126).  Accordingly, the Court finds the ALJ's initial error to be harmless and will affirm the underlying decision.